# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| SAMUELS JEWELERS, INC.,[1] | Case No. 18-11818 (KJC) |
| Debtor. | Re: Docket Nos. 252 and 295 |

## NOTICE OF WELLS FARGO BANK, NATIONAL ASSOCIATION WITH RESPECT TO STATUS OF DIP FINANCING AND SALE

Wells Fargo Bank, National Association ("Wells Fargo"), in its capacity as DIP Working Capital Agent,[2] submits this notice with respect to the status of the postpetition financing (the "DIP Facility") and the *Debtor's Motion for (I) an Order Establishing Bid Procedures and Granting Related Relief and (II) an Order Approving the Sale of the Assets* (the "Sale Motion") [D.I. 295].

When this case filed, all parties – including Wells Fargo – hoped for a positive outcome. Unfortunately, that has not been the case. The DIP Facility, which matures on February 28, 2019, is and has been in default. Estate professional fees are significantly over budget. Despite the best efforts of the Debtor's professionals, there have been no bids for the working capital assets that secure Wells Fargo's claims. The DIP Lenders, which have funded millions of dollars of administrative expenses, stand to suffer massive losses. Reluctantly, and as a last resort, Wells Fargo, on January 23, 2019, submitted a credit bid for substantially all of the Debtor's assets.

## BACKGROUND

1. On August 7, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6316 and its address is 2914 Montopolis Drive, Suite 200, Austin, Texas 78741.

[2] Unless otherwise indicated, capitalized terms are defined in the Final DIP Order.

2. On September 18, 2018, this Court entered the Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Authorizing the Debtor to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying Automatic Stay, and (VI) Granting Related Relief (the "<u>Final DIP Order</u>") [D.I. 252] authorizing the Debtor to enter into the DIP Facility and use the lenders' Cash Collateral.

3. Wells Fargo's claims are secured by a first priority security interest in substantially all of the Debtor's property (including the assets that are the subject of the credit bid) and all proceeds, products, accessions, rents and profits thereof. *See* Final DIP Order ¶¶ 5-6. Prior to the Petition Date, Wells Fargo, in its capacity as the Prepetition Revolving Loan Agent, provided the Debtor with the Prepetition Revolving Loan Facility (as defined in the Final DIP Order). Like the DIP Facility, the Prepetition Revolving Loan Facility was secured by substantially all of the Debtor's assets and property and all proceeds, products, accessions, rents and profits thereof. Final DIP Order ¶ F(iii).[3]

4. On October 3, 2018, the Debtor filed the Sale Motion.

5. On October 22, 2018, this Court entered the *Order Establishing Bid Procedures and Granting Related Relief* [D.I. 359].

6. On October 22, 2018, the Debtor filed the *Notice of Auction and Sale Hearing* [D.I. 365], setting the objection deadline to the Sale Motion for February 6, 2019, and the hearing date on

---

[3] The Final DIP Order provided time and opportunity for the Committee or another party with requisite standing to investigate and challenge the prepetition liens and claims. The Challenge Deadline passed months ago. No party filed a Challenge. The Stipulations in the Final DIP Order with respect to the validity, extent and priority of Wells Fargo's Prepetition Liens (and all of the Debtor's other stipulations) are therefore conclusively binding on the estate, any estate representative, and all other parties.

the Sale Motion for February 13, 2019 (the "Sale Hearing"). The Debtor has continued the Sale Hearing until February 21, 2019.

7. On February 14, 2019, the Debtor filed the Notice of Credit Bid and Cancellation of Auction [D.I. 644].

## STATUS OF THE DIP FINANCING AND SALE

8. The DIP Facility matures on February 28, 2019. Wells Fargo today is owed more than $45,000,000 under this facility, an amount that is expected to rise as accrued expenses are paid. Gordon Brothers Finance Company, whose interests are junior to Wells Fargo, is owed at least an additional $10,000,000. It has become evident that the Debtor will be unable to pay these senior, secured obligations and that there will be no more funding after the maturity of the DIP.

9. In consideration of Wells Fargo's lending commitments and its submission to various professional fee-carve-outs, the Debtor, *inter alia*, waived any rights to charge the collateral under section 506(c). No party objected to this waiver, which was approved in the Final DIP Order.

10. Since the Petition Date, Wells Fargo has funded the administrative expenses of this case, including full payment of both stub and postpetition rent, professional fees, insurance, utilities, internet providers, payments to employees (including payment of *prepetition* wages and paid time off), and costs of the Examiner and Fee Examiner. Professional fees – *for estate professionals alone* – already exceed $6,000,000. These costs have been borne solely by the DIP Lenders, who have continued to fund administrative expenses even though numerous defaults have occurred and continue under the DIP Facility. At the same time, there has been a massive and unexplained postpetition fall-off in sales and an attendant drop in collateral value, resulting in what is certain to be a significant loss for Wells Fargo.

11. With funds provided by Wells Fargo after the Petition Date, the Debtor's professionals sought to maximize value for the benefit of the estate by pursuing a sale process. The effort was made in good faith, but failed. No party submitted a bid that would repay the DIP Obligations. In fact, no bids were submitted *at all* for the working capital assets that are the primary security for Wells Fargo's claims. On January 23, 2019, Wells Fargo submitted a credit bid (the "Credit Bid") for substantially all of the Debtor's assets. The Credit Bid is attached as Exhibit A.[4]

12. On February 14, 2019, the Debtor filed the Notice of Credit Bid and Cancellation of Auction including an Asset Purchase Agreement, which has been the subject of negotiations. That form contains changes that have not yet been reviewed by Wells Fargo; however, Wells Fargo will work expeditiously with the Debtor to finalize the Asset Purchase Agreement.

13. Wells Fargo is unaware of any source of financing for this case following the maturity of the DIP Facility. Collateral values have eroded, and each day brings additional further risk to the estate and administrative creditors. The Sale Hearing was already continued once, from February 13 to February 21. Any further delay in the sale process will aggravate those risks. It is urgent that the sale move forward and that expenses cease accruing.

14. The current situation is far from the outcome desired by any party – especially Wells Fargo. Wells Fargo makes this filing to provide notice of the status of the DIP Financing and of the urgent need to complete the sales process in the month of February without any further delay in order to avoid the incurrence of additional administrative expense.

---

[4] The assets embraced within the Credit Bid exclude, among other assets, (1) avoidance actions brought against any non-insider of the Debtor pursuant to section 547 of the Bankruptcy Code and any proceeds thereof or (2) the proceeds of any actions pursued in connection with the Investigation (as defined in the Final DIP Order). These assets are governed by the terms of the Final DIP Order and may provide a recovery for general unsecured creditors and the DIP Lenders. *See* Final DIP Order ¶¶ 5, 24(b).

| | |
|---|---|
| Dated: February 15, 2019<br>Wilmington, Delaware | Respectfully submitted,<br><br>**REED SMITH LLP**<br><br>By: */s/ Jason D. Angelo*<br>Kurt F. Gwynne (No. 3951)<br>Jason D. Angelo (No. 6009)<br>1201 N. Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7500<br>E-mail: kgwynne@reedsmith.com<br>E-mail: jangelo@reedsmith.com<br><br>-and-<br><br>Julia Frost-Davies (admitted *pro hac vice*)<br>Christopher L. Carter (admitted *pro hac vice*)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Federal Street<br>Boston, MA 02110-1726<br>Telephone: (617) 341-7700<br>Facsimile: (617) 341-7701<br>E-mail: julia.frost-davies@morganlewis.com<br>E-mail: christopher.carter@morganlewis.com<br><br>*Counsel for Wells Fargo Bank, National Association* |