# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| SAMUELS JEWELERS, INC.,[1] | : | Case No. 18-11818 (CSS) |
| | : | |
| Debtor. | : | **Hearing Date: To be determined by the Court** |
| | : | **Pending Expedited/Motion to Shorten Request** |
| | | **Objection Deadline: To be determined by the Court** |
| | | **Pending Expedited/Motion to Shorten Request** |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER (I) AUTHORIZING THE TRUSTEE TO CONDUCT RULE 2004 EXAMINATIONS AND TO ISSUE SUBPOENAS IN SUPPORT THEREOF, AND (II) GRANTING RELATED RELIEF

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, moves this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (I) authorizing the Trustee to demand and compel by way of subpoena, without further order of the Court: (a) the oral examination of entities that the Trustee believes may have information related to the Debtor's affairs, and (b) the production of documents relevant to the Trustee's administration of the Debtor's estate (the "Estate"), and (II) granting related relief. In support of this motion (the "Motion"), the Trustee respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 105(a)

---

[1] The last four digits of the Debtor's taxpayer identification number are 6316 and its address is 2914 Montopolis Drive, Suite 200, Austin, Texas 78741.

of Title 11 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rule 2004 and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

## Background

3.      On August 7, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

4.      On October 3, 2018, upon motions from the United States Trustee and Punjab National Bank, and over the objections of the Debtor and the Official Committee of Unsecured Creditors, the Court entered an order appointing an examiner pursuant to 11 U.S.C. § 1104(c), to conduct a thorough and independent investigation into certain areas of fraudulent conduct related to the Debtor and various related entities and individuals. D.I. 294. The Court subsequently authorized the appointment of John J. Carney as the examiner (the "Examiner"). D.I. 324.

5.      On February 22, 2019, the Examiner filed a report of the findings of his investigation (the "Phase 1 Report"). D.I. 675. The Phase 1 Report outlined in vivid detail numerous potential causes of action available to the Estate, including but not limited to breach of fiduciary duty claims against the Debtor's officers and directors, avoidance actions concerning potential fraudulent transfers, equitable subordination claims, and tort claims. *Id.*

6.      On April 5, 2019, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Conversion"). D.I. 792.

7.      Jeoffrey L. Burtch was appointed as interim trustee on or about April 5, 2019, pursuant to Section 701 of the Bankruptcy Code. D.I. 793. The Section 341(a) meeting has been held and concluded and the Trustee now serves as trustee pursuant to Section 702(d).

8. The Trustee is in the process of investigating the potential claims and causes of action referenced in the Phase 1 Report for the benefit of the Estate. Pursuant to a stipulation (the "Claims Stipulation") by and between the Trustee and Wells Fargo Bank, National Association, in its capacity as DIP Working Capital Agent and Prepetition Revolving Loan Agreement ("Wells Fargo"), approved by Court Order at D.I. 889, Wells Fargo and the Trustee have reached an agreement with respect to, among other things, the funding of the Trustee's investigation and pursuit of the Phase 1 Report's recommended causes of action. The Claims Stipulation provides that the Trustee must conclude his investigation into the potential causes of action within 90 days of the Court's order approving the Claims Stipulation (subject to extension by mutual agreement). Thus, the Trustee has until approximately March 16, 2020 to conclude his investigation (subject to extension by agreement between the Trustee and Wells Fargo).

9. While the Trustee is hopeful that most entities will cooperate with any request for documents or interviews, out of an abundance of caution and considering that time is of the essence, the Trustee is making this request to the Court for authority to pursue the investigation in a streamlined fashion. Of note, informal efforts to obtain the turnover of documents from the Debtor's prepetition accountants, Marks Paneth, LLP have been unsuccessful, with Marks Paneth requesting that the Trustee obtain an order from the Court prior to turning over any documents relating to its prepetition engagements by the Debtor .

10. The Court previously granted similar relief to the Examiner prior to the Conversion of this Case. D.I. 444.

**Relief Requested**

11. The Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit "A," (I) authorizing the Trustee, without further order of the Court,

to demand and compel by way of subpoena: (a) the production of documents relevant to the Trustee's administration of the Debtor's estate, and (b) the oral examination of entities that the Trustee believes may have information related to the Debtor's affairs, and (II) granting related relief. (As discussed herein, any entity or individual receiving a subpoena issued pursuant to such authority is defined as a "<u>Discovery Party</u>").

12. The Trustee proposes the following procedures in connection with the issuance of any subpoena related to this Motion:

> a)  Except as otherwise agreed by the Trustee, or subsequently ordered by the Court, a Discovery Party that receives a subpoena seeking documents (whether or not it also seeks testimony) shall, within ten (10) days after service of such subpoena: (i) produce all non-privileged documents responsive to such subpoena, or (ii) file and serve a motion seeking a protective order, which the Court may hear on shortened notice no later than seven days from the filing of such motion.
>
> b)  If the subpoena so directs, the Discovery Party shall appear for an oral examination within seven days after service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable.
>
> c)  As necessary to implement the foregoing, the Trustee and his counsel are authorized to sign and issue a subpoena from any United States Bankruptcy Court for the applicable district in which a Discovery Party resides, does business, maintains documents, or is found, both to obtain documents from such Discovery Party and to command the attendance of such Discovery Party at a Rule 2004 examination. The Trustee and his counsel also are authorized to take such actions as may be necessary in any other court to enforce subpoenas and otherwise effectuate the terms of the Court's order with respect to this Motion.
>
> d)  The relief requested herein and reflected in the proposed order attached hereto at Exhibit A is not intended to limit the substantive rights of any Discovery Party or other party under applicable law to object to any subpoena the Trustee may serve.

## Basis for Relief

13. Bankruptcy Rule 2004 provides the Court with authority to order the examination by the deposition of, and production of documents from, any entity. *See* Fed. R. Bankr. P. 2004(a).

14. The scope of inquiry under Bankruptcy Rule 2004 is intended to be very broad and permits the party invoking it a great latitude of inquiry. Bankruptcy Rule 2004(b) provides:

> *Scope of Examination.* The examination of any entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .

*Id.* 2004(b). It can legitimately be compared to a "fishing expedition." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *In re Fearn*, 96 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989); *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983) (scope of examination under Rule 2004 is "unfettered and broad").

15. In fact, many courts grant motions for examination under Bankruptcy Rule 2004 *ex parte*, without the need for a hearing. *See* 9 Collier On Bankruptcy ¶ 2004.01[2] at 2004-4 (16th ed.).

16. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (*citing Cameron v. United States*, 231 U.S. 710, 717 (1914)). Accordingly, examinations under Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the Debtor; and, any matter which may affect the administration of the Estate. *See* Fed. R. Bankr. P. 2004(a) and (c).

17. Moreover, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994).

5

18.     Having the authority to issue subpoenas to compel document production and oral examinations under Bankruptcy Rule 2004 is central to the Trustee's ability to fulfill his statutory duties. While the Trustee hopes that most parties will voluntarily cooperate with his investigation, the Trustee requires the ability to promptly propound discovery if a Discovery Party declines to cooperate.

19.     The Trustee further believes that the need exists to issue requests for Rule 2004 examinations and document subpoenas to numerous entities. Therefore, the Trustee avers that the more broad authority requested herein, as opposed to requesting individual authority for each specific Rule 2004 examination upon which an informal agreement cannot be reached, promotes efficiency and will streamline administration of the Estate.

20.     Moreover, the requested relief will not unduly prejudice any party that receives a subpoena issued by the Trustee. The proposed order contemplates the full preservation of each Discovery Party's substantive right to seek protective orders from the Court.

21.     Therefore, the Trustee submits that it is appropriate for the Court to grant this Motion affording the Trustee the necessary flexibility to efficiently, effectively and timely investigate potential causes of action belonging to the Estate.

**Notice**

22.     Upon entry of an order establishing a hearing date and expedited consideration of the Motion, Notice of the Motion will be provided to (a) the United States Trustee; (b) counsel to the Debtor; (c) counsel to Wells Fargo; (d) counsel to the Examiner; (e) counsel to Marks Paneth, LLP; and (f) the parties on the Rule 2002 service list. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, (I) authorizing the Trustee to demand and compel by way of subpoena, without further order of the Court: (a) the production of documents relevant to the Trustee's administration of the Estate, and (b) the oral examination of entities that the Trustee believes may have information related to the Debtor's affairs, and (II) granting such other and further relief as is just and proper.

Dated: February 18, 2020                              COZEN O'CONNOR

*/s/ Gregory F. Felger*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801-1147
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: mfelger@cozen.com
          gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*