# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| SAMUELS JEWELERS, INC.,[1] | : | Case No. 18-11818 (CSS) |
| | : | |
| Debtor. | : | **Hearing Date: To be determined by the Court Pending Expedited/Motion to Shorten Request** |
| | : | **Objection Deadline: To be determined by the Court Pending Expedited/Motion to Shorten Request** |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER COMPELLING TURNOVER OF DOCUMENTS IN THE POSSESSION OF THE EXAMINER AND HIS PROFESSIONALS AND GRANTING RELATED RELIEF

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, moves this Court for entry of an order (I) compelling the Examiner and his professionals at Baker & Hostetler LLP and Alvarez & Marsal Disputes and Investigations, LLC to turn over to the Trustee certain documents, records, and information related to the 1104 Investigation (as defined herein) within seven (7) days of the approval of this motion (the "Motion"), and granting related relief. In support of this Motion, the Trustee respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 542 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The last four digits of the Debtor's taxpayer identification number are 6316 and its address is 2914 Montopolis Drive, Suite 200, Austin, Texas 78741.

**Background**

3. On August 7, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

4. On October 3, 2018, upon motions from the United States Trustee and Punjab National Bank, and over the objections of the Debtor and the Official Committee of Unsecured Creditors, the Court entered an order appointing an examiner pursuant to 11 U.S.C. § 1104(c), to conduct a thorough and independent investigation into certain areas of fraudulent conduct related to the Debtor and various related entities and individuals (the "1104 Investigation"). D.I. 294. The Court subsequently authorized the appointment of John J. Carney as the examiner (the "Examiner"). D.I. 324. The Examiner thereafter retained Baker & Hostetler LLP ("B&H") to serve as his legal counsel. *See* D.I.s 358, 442. The Examiner also retained Alvarez & Marsal Disputes and Investigations, LLC ("A&M", and collectively with the Examiner and B&H, the "Examiner's Professionals") to serve as his financial advisors. *See* D.I. 382, 443.

5. The Trustee understands that during the 1104 Investigation, the Examiner's Professionals conducted approximately 41 interviews and reviewed numerous documents from third parties related to the Debtor's participation in the fraudulent conduct described in the Phase 1 Report. The Trustee further understands that the Examiner's Professionals received or created certain writings, including but not limited to, third party documents, attorney notes, summaries and impressions, related to the subjects of the 1104 Investigation (collectively, the "Investigation Records").

6. On February 22, 2019, the Examiner filed a report of the findings of the 1104 Investigation (the "Phase 1 Report"). D.I. 675. The Phase 1 Report outlined in vivid detail numerous potential causes of action available to the Estate, including but not limited to breach of

fiduciary duty claims against the Debtor's officers and directors, avoidance actions concerning potential fraudulent transfers, equitable subordination claims, and tort claims. *Id.*

7. On April 5, 2019, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Conversion"). D.I. 792.

8. Jeoffrey L. Burtch was appointed as interim trustee on or about April 5, 2019, pursuant to Section 701 of the Bankruptcy Code. D.I. 793. The Section 341(a) meeting has been held and concluded and the Trustee now serves as trustee pursuant to Section 702(d).

9. The Trustee is in the process of investigating the potential claims and causes of action referenced in the Phase 1 Report for the benefit of the Estate. Pursuant to a stipulation (the "Claims Stipulation") by and between the Trustee and Wells Fargo Bank, National Association, in its capacity as DIP Working Capital Agent and Prepetition Revolving Loan Agreement ("Wells Fargo"), approved by Court Order at D.I. 889, Wells Fargo and the Trustee have reached an agreement with respect to, among other things, the funding of the Trustee's investigation and the pursuit of the Phase 1 Report's recommended causes of action. The Claims Stipulation provides that the Trustee must conclude his investigation into the potential causes of action within 90 days of the Court's order approving the Claims Stipulation (subject to extension by mutual agreement). Thus, the Trustee has until approximately March 16, 2020 to conclude his investigation (subject to extension by agreement between the Trustee and Wells Fargo).

10. The Examiner has provided the Trustee with certain items related to the 1104 Investigation and the Phase 1 Report. Indeed, upon the Trustee's appointment, the Examiner provided the Trustee with approximately 197 gigabytes of the Examiner's electronic file, mostly containing documents received by the Examiner from the Debtor.

11. However, the Examiner's counsel has expressed a concern over turning over documents that may be subject to the Examiner's attorney-client privilege and/or a non-disclosure agreement with a third party. Based upon the Examiner's counsel's concerns, certain attorney interview summaries of critical witnesses and documents produced to the Examiner by third parties have been withheld from the Trustee. To the extent any of the investigation records are subject to a privilege while in the possession of the Examiner's Professionals, such records will continue to be privileged while in the possession of the Trustee and his professionals pursuant to the community-of-interest privilege. The Trustee therefore seeks entry of an order compelling the production of the Investigation Records not previously produced.

## **Relief Requested**

12. Through this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit "A," compelling the Examiner's Professionals to turn over to the Trustee the entirety of the files of the Examiner's Professionals concerning the 1104 Investigation, including summaries of interviews created by the Examiner's Professionals, by no later than seven (7) days after entry of an order granting this Motion.

## **Basis for Relief**

13. Section 542(e) of the Bankruptcy Code provides:

> (e) Subject to any applicable privilege, after notice and hearing, the court may order an attorney, accountant or other person that holds recorded information, including books, documents, records and papers, relating to the debtor's property or affairs, to turn over or disclose such recorded information to the trustee.

14. "To be subject to turnover under section 542(e), documents and records need not actually belong to the debtor; they need only relate to the debtor's property or financial affairs." *Black Diamond*, *McKinstry v. Genser (In re Black Diamond Min. Co., LLC)*, 507 B.R. 209, 214

(E.D. Ky. 2014) (*citing In re McKenzie*, 716 F.3d 404, 419 (6th Cir.2013)). The Investigation Records are clearly related to the Debtor's property or financial affairs, as they form the bases and foundation of the Phase 1 Report and recommended causes of action, causes of action that are inarguably property of the Estate.

15. The Trustee understands that the Examiner's Professionals are refusing to turn over the Investigation Records on the grounds that they are purportedly privileged. To the extent that any Investigation Records are subject to any privileges, the Trustee maintains that such privileges vested in the Trustee upon Conversion, and the Trustee is now the only party that may assert or waive such privileges. *See CFTC v. Weintraub*, 471 U.S. 343, 358 (1985); *see also In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986).

16. Had the 1104 Investigation been conducted by the Debtor, a creditors' committee, or a Chapter 11 trustee, the ability to control any privilege over the Investigation Records would certainly flow to the Trustee. The Trustee maintains that the identical rationale for vesting of privilege in the Trustee in those contexts applies here. The Trustee has functionally and procedurally stepped into the shoes of the Examiner as the only party with standing to bring the Estate causes of action previously investigated by the Examiner. The Trustee is the sole estate fiduciary with the authority and responsibility to investigate the events and circumstances outlined in the Phase 1 Report and the 1104 Investigation. *See Black Diamond*, 507 B.R. at 215-16 (discussing a liquidation trustee's role as a successor of the debtor). It follows that the Trustee should control any privilege that may be asserted by the Examiner. Relatedly, any privilege that may exist to the Investigation Records extends to the Trustee pursuant to the community-of-interest privilege. "The community-of-interest privilege allows attorneys representing different clients with similar legal interests to share information without having to disclose it to others." *In*

LEGAL\44907369\1

*re Teleglobe Comm'ns Corp.*, 493 F.2d 345, 364 (3d Cir. 2007). The Trustee asserts that his legal interests and those of the Examiner are identical, and thus, the community-of-interest privilege applies.

17. Furthermore, the Trustee has a substantial need for the Investigation Records, which are clearly relevant to the Estate's Investigation into the Examiner's recommended causes of action. As stated, the Examiner no longer has standing to take any action in this Case. D.I. 842 (Court Order discharging the Examiner). The Investigation Records potentially contain, among other things, contemporaneous witness interview notes from the 1104 Investigation and summaries of those interviews. These notes and interview summaries are critical for the Trustee to understand the Examiner's findings and conclusions, and could likely not be replicated now with the same level of detail or precision. *See Granite Partners v. Bear, Steans & Co.*, 184 F.R.D. 49, 56 (S.D.N.Y. 1999) (finding that there was a substantial need to produce interview notes from four years earlier because depositions taken four years later "cannot reveal the same detail and may omit exculpatory evidence contained only in the Trustee's interview notes."). In addition, allowing the Trustee to have access to the notes and interview summaries will obviate the need for the Trustee to replicate the work already conducted by the Examiner, thereby enabling the estate to save significant resources.

18. Without access to the notes and records underpinning the Phase 1 Report and its conclusions, the Trustee and Estate will suffer delay and additional expenses to gather third-party documents and re-interview numerous individuals and will otherwise be hamstrung in the Trustee's pursuit of the recommended causes of action.

19. In the event that the Examiner entered into non-disclosure agreements with third parties as a condition to the production of documents by those third parties, the Trustee will agree

to be bound by such non-disclosure agreements to the extent the agreements are provided by the Examiner.

## **Notice**

20. Upon entry of an order establishing a hearing date and expedited consideration of the Motion, Notice of this Motion will be provided to (a) the United States Trustee; (b) counsel to the Debtor; (c) counsel to Wells Fargo; (d) the Examiner; (e) Baker & Hostetler, LLP; (f) Alvarez & Marsal; and (g) the parties on the Rule 2002 service list. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, (I) compelling the Examiner's Professionals to turn over to the Trustee all documents, records, and information in their possession related to the 1104 Investigation, by no later than seven (7) days after entry of the Order granting this Motion, and (II) granting such other and further relief as is just and proper.

Dated: February 18, 2020                COZEN O'CONNOR

*/s/ Gregory F. Felger*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801-1147
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: mfelger@cozen.com
           gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*