# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| SAMUELS JEWELERS, INC.,[1] | : | Case No. 18-11818 (CSS) |
| | : | |
| Debtors. | : | **Hearing Date: May 20, 2020 at 12:30 p.m. (ET)** |
| | : | **Objection Deadline: May 6, 2020 at 4:00 p.m. (ET)** |

## TRUSTEE'S MOTION FOR ORDER AUTHORIZING ABANDONMENT AND DESTRUCTION OF DEBTOR'S RECORDS

Jeoffrey L. Burtch, chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby moves this Court for an Order authorizing the abandonment and destruction of pre-petition records pursuant to 11 U.S.C. §§ 105(a) and 554(a) and granting related relief (the "Motion"). In support of the Motion, the Trustee respectfully states:

### Jurisdiction, Core Nature, and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On August 7, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

3. On April 5, 2019, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Conversion").

---

[1] The last four digits of the Debtor's taxpayer identification number are 6316 and its address is 2914 Montopolis Drive, Suite 200, Austin, Texas 78741.

4.      Jeoffrey L. Burtch was appointed as interim trustee on or about April 5, 2019, pursuant to Section 701 of the Bankruptcy Code.  The Trustee now serves as trustee pursuant to Section 702(d).

### The Unneeded Documents

5.      Upon the Trustee's appointment, he learned that the Debtor has over 2800 boxes of documents (the "Documents") stored at an Iron Mountain facility in or around Austin, Texas ("Iron Mountain").

6.      The Trustee has confirmed with Iron Mountain the contents of the Documents. The Documents largely consist of pre-2012 business records. A review of the inventory of the Documents provided by Iron Mountain shows that over 2200 of the 2800 boxes were received by Iron Mountain prior to 2012 (the "Historical Documents").  The Inventory provided by Iron Mountain shows that another approximately 250 boxes were received by Iron Mountain in the two years prior to the bankruptcy filing, and the remaining approximately 375 boxes were received by Iron Mountain only weeks prior to Conversion (collectively, the "Current Documents").

7.      The Trustee does not believe that any of the Historical Documents will be necessary for his administration of this Estate.  As such, the Historical Documents no longer serve a purpose for the Estate.  As some of the Historical Documents may contain confidential or personally identifiable information, the Trustee seeks authority to shred and/or destroy them.

8.      Fees and costs continue to accrue with respect to the continued storage of the Historical Documents.  Monthly storage costs related to the Documents at Iron Mountain exceed $2,400.00. Storage of the Historical Documents accounts for approximately 75% of those costs.

9.      The Trustee has received an estimate from Iron Mountain concerning the destruction of the Historical Documents. The Trustee believes that Iron Mountain's estimate is

reasonable given the circumstances, i.e. that it is highly unlikely that the Trustee's administration of the Estate will utilize the information in the Historical Documents, and the costs to dispose of the Historical Documents will need to be faced at some point in his administration. The Trustee believes that to proceed at the current time with destruction of the Historical Documents, will avoid the incurrence of storage fees approximating $1,800 per month for an indefinite amount of time.

10. The Trustee's administration of the Estate is ongoing. At this point, the Trustee is unable to forecast how much time will be needed to fully administer the Estate. Indeed, the Trustee anticipates numerous causes of action brought against third parties, which invites an unknown timeline to the Estate. The Historical Documents, however, do not serve a purpose to the Trustee's administration of the Estate; nor do the Historical Documents have any value or provide any potential benefit to the Estate. The disposal of the Historical Documents will save future costs associated with the continued storage of the Historical Documents.

### Basis for Relief

11. Through this Motion, the Trustee seeks authority to destroy, discard or abandon the Historical Documents.

12. Section 554 of the Bankruptcy Code states: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Trustee's decision to abandon assets of the estate is reviewed under the business judgment standard. *E.g.*, *In re Wilson*, 94 B.R. 886, 888-89 (Bankr. E.D. Va. 1989).

13. The Trustee believes that both disjunctive standards contained in Section 554 are met in these cases with respect to the Documents. This property is "burdensome" within the meaning of Section 554 of the Bankruptcy Code. The Trustee wishes to eliminate potential

future costs associated with the transportation and storage of the Documents. *See generally* COLLIERS ON BANKRUPTCY, ¶ 554.02 [1].

14. Furthermore, the Historical Documents do not contain information of substance or utility to the remaining administration of the Estate. The Historical Documents are therefore of inconsequential value and benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that the Court enter the attached form of order granting the Motion and granting other and further relief that this Court deems just and proper.

Dated: April 9, 2020                                         COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE  19801
Telephone:  (302) 295-2000
Facsimile:   (302) 295-2013
gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*