**Case 18-11818-CSS**   Doc 939   Filed 08/13/20   Page 1 of 4

**Paul Lopez**
**Emily M. Hahn**
**Abernathy, Roeder, Boyd & Hullett, P.C.**
**1700 Redbud Blvd, Suite 300**
**McKinney, Texas 75069**
**Telephone: (214) 544-4000**

**ATTORNEYS FOR COLLIN COUNTY**
**TAX ASSESSOR/COLLECTOR**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| SAMUELS JEWELERS, INC.[1] | § | Case No. 18-11818 (CSS) |
| | § | |
| Debtor. | § | |
| | § | |

**THE COLLIN COUNTY TAX ASSESSOR/COLLECTOR'S**
**LIMITED OBJECTION TO THE TRUSTEE'S MOTION FOR**
**ORDER APPROVING STIPULATION REGARDING TAXING AUTHORITY CLAIMS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

  **NOW COMES** The Collin County Tax Assessor/Collector (hereinafter "Collin County") and files its *Limited Objection* (the "Objection") *to the Trustee's Motion for Order Approving Stipulation Regarding Taxing Authority Claims* (the "Motion") [Docket No. 925] and respectfully shows the court as follows:

**SUMMARY OF LIMITED OBJECTION**

  Pursuant to Texas Property Tax Code §§ 32.01 and 32.05, Collin County has a perfected lien on all of Debtor's business personal property. Collin County files this Limited Objection to preserve its lien rights including its rights to any such payments and/or pro-rata distribution from the Tax Carve Out.[2]

**RELEVANT BACKGROUND**

  1. On August 7, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[3]

---

[1] The last four digits of the Debtor's taxpayer identification number are 6316 and its address is 2914 Montopolis Drive, Suite 200, Austin, Texas 78741
[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.
[3] 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. On April 5, 2019, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code.

3. Prior to conversion, on September 10, 2018, Collin County filed its proof of claim (Claim No. 95) in the amount of $10,468.32 (the "Collin County Proof of Claim"). *See* Collin County Proof of Claim attached hereto as Exhibit A and incorporated herein for all purposes.

4. Collin County Tax Assessor/Collector is a political subdivision of the State of Texas and, as such, is authorized to levy and assess *ad valorem* taxes on the value of property located within its taxing jurisdiction as of January 1 of each year.[4]

5. Neither the Debtor nor the Chapter 7 Trustee (following conversion) has objected to the Collin County Proof of Claim.

6. On July 30, 2020, the Trustee filed the Motion.

7. By the Motion, the Trustee seeks, among other things, the entry of a stipulation that will "result in the finality of the claims of the Taxing Authorities."[5]

8. The Motion does not include any provision for Collin County's Claim, therefore, Collin County files this Limited Objection.

## **LIMITED OBJECTION**

9. Pursuant to the Texas Property Tax Code §§ 32.01 and 32.05, Collin County has a first priority secured lien against the business personal property of Debtor. "Texas imposes a property tax, which is secured by a "tax lien" that automatically attached to taxable property each year "in favor of each taxing unit having power to tax the property."" *Billings v. Propel Fin. Servs., L.L.C.*, 821 F.3d 608, 610 (5th Cir. 2016). Specifically, § 32.01 of the Texas Property Tax Code provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year…
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner

---

[4] TEX. PROP. TAX CODE § 32.01.
[5] *See* Motion, at 4.

>   subsequently acquires.
>
>   . . .
>
>   (d) The lien under this section is perfected on attachment and, except as provided by Section 32.03(b), perfection requires no further action by the taxing unit.

TEX. PROP. TAX CODE § 32.01.

10. Moreover, § 32.05 of the Texas Property Tax Code provides that such tax lien takes priority and prevails, regardless of whether the debt, lien, future interest, or other encumbrance existed before attachment of the tax lien. TEX. PROP. TAX CODE § 32.05(a)-(b). Therefore, pursuant to the Texas Property Tax Code and relevant case law, the tax lien arises on January 1 of each tax year and "floats" to after acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W.2d 264, 271 (Tex. App. – Dallas 1994, no writ). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. *In re Universal Seismic*, 288 F.3d 205, 208 (5th Cir. 2002). The tax lien is also unavoidable. *In re: Winns Stores*, 177 B.R. 253, 258 (Bankr. W.D. Tex. 1995).

11. Collin County files this Limited Objection to preserve its lien rights including its rights to any such payments and/or pro-rata distribution from the Tax Carve Out.

**WHEREFOR, PREMISES CONSIDERED,** Collin County prays that this Court deny the Trustee's Motion or, in the alternative, require the Trustee to include and pay Collin County's Claim in a manner consistent with the other Taxing Authorities' listed in the Stipulation, and grant it any and all relief to which it is justly entitled.

(*Remainder of Page Intentionally Left Blank*)

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD &HULLETT, P.C.**

*/s/ Paul M. Lopez*
Paul M. Lopez
Texas State Bar No. 24076516
Emily M. Hahn
Texas State Bar No. 24101846
1700 Redbud Blvd., Suite 300
McKinney, TX 75069
Telephone: 214-544-4000
plopez@abernathy-law.com
ehahn@abernathy-law.com

**ATTORNEYS FOR COLLIN COUNTY TAX ASSESSOR/COLLECTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this 13th day of August, 2020, on all parties requesting service via the Court's ECF system.

*/s/ Paul M. Lopez*
Paul M. Lopez